UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'ARRIGO BROS. CO. OF NEW YORK, INC., FIERMAN PRODUCE EXCHANGE, INC. and COOSEMANS NEW YORK INC., <br><br> Plaintiffs, <br><br> - against - <br><br> JEFE PRODUCE LLC d/b/a GARDEN FARM and JEUNG S. LEE, <br><br> Defendants. | Case No. 22-cv-119 (JPC) <br><br> **PRELIMINARY** <br> **INJUNCTION ORDER** |

Plaintiffs D'Arrigo Bros. Co. of New York, Inc. ("D'Arrigo"), Fierman Produce Exchange, Inc. ("Fierman") and Coosemans New York Inc. ("Coosemans") (D'Arrigo, Fierman and Coosemans collectively, "Plaintiffs") seek an order enjoining and restraining defendants Jefe Produce LLC d/b/a Garden Farm ("Jefe Produce") and Jeung S. Lee ("Lee") (Jefe Produce and Lee collectively, "Defendants") and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the aggregate amount of $291,771.50, except for delivery to Plaintiff's counsel, and directing and requiring Defendants to account for the assets and liabilities of Jefe Produce and its affiliated entities.

Upon consideration of the order to show cause entered by the Court on January 6, 2022 (Docket No. 15) (the "Order"), the documents submitted by Plaintiffs in support (Docket Nos. 4-10) (the "Application"), and the hearing held on January 18, 2022, the Court, pursuant to Fed. R. Civ. P. 65, makes the following findings of fact and conclusions of law:

  1. Each of the Plaintiffs is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is licensed as a

- 1 -

dealer under PACA. Declaration of Karina Roman in Support of Emergency Motions for Relief Pursuant to Fed. R. Civ. P. 65 (Docket No. 7) ("Roman Dec.") at ¶ 3; Declaration of William Fierman in Support of Emergency Motions for Relief Pursuant to Fed. R. Civ. P. 65 (Docket No. 8) ("Fierman Dec.") at ¶ 3; Declaration of Rosa Faraci in Support of Emergency Motions for Relief Pursuant to Fed. R. Civ. P. 65 (Docket No. 9) ("Faraci Dec.") at ¶ 3; Exhibits A.

2. Jefe Produce is and/or was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was licensed as a dealer under PACA at all relevant times. Roman Dec. at ¶ 4; Fierman Dec. at ¶ 4; Faraci Dec. at ¶ 4; Roman Dec. at Exhibit B.

3. Plaintiffs sold to Defendants various wholesale lots of produce, which had been moved in interstate commerce or contemplation thereof, worth the aggregate amount of $291,771.50, for which they have not been paid. Roman Dec. at ¶ 7; Fierman Dec. at ¶ 7; Faraci Dec. at ¶ 7; Roman Dec. at Exhibit C; Fierman and Faraci Decs. at Exhibits B.

4. Defendants accepted the produce received from Plaintiffs without protest. Roman Dec. at ¶ 8; Fierman Dec. at ¶ 8; Faraci Dec. at ¶ 8.

5. Each of the Plaintiffs preserved it respective interest in the PACA trust in the aggregate amount of $291,771.50 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4). Roman Dec. at ¶ 9; Fierman Dec. at ¶ 9; Faraci Dec. at ¶ 9; Roman Dec. at Exhibit C; Fierman and Faraci Decs. at Exhibits B.

6. Defendants have refused to make full payment for the produce

despite repeated demands.  Roman Dec. at ¶ 10; Fierman Dec. at ¶ 10; Faraci Dec. at ¶ 10.

       7.      Lee told D'Arrigo's representative that Jefe Produce does not have sufficient funds to pay the balance due, was seeking an SBA loan, and planned to sell Jefe Produce.  Roman Dec. at ¶ 10.

       8.      Lee informed Coosemans' representative that he was trying to obtain money and was selling a piece of property in his original home country, and that there were no funds to pay Coosemans its past due debt.  Faraci Dec. at ¶ 10.

       9.      Defendants were served with the Order and the Application as required by this Court.  Docket No. 16.

Based on the factual showings made by Plaintiffs, it appears that the PACA trust assets in the possession of Defendants have been dissipated and are further threatened with dissipation. Therefore, the Court finds that the requirements for the issuance of a preliminary injunction are met[1]: (1) there is a likelihood that Plaintiffs will be successful on the merits of their claims; (2) there is a likelihood of irreparable harm to Plaintiffs if the injunctive relief does not issue; (3) the balance of the equities favors Plaintiffs, whose funds may be dissipated, whereas there would appear to be little harm to Defendants if the injunctive relief is granted, since Defendants are only ordered to do that which they are required to do under the statute (i.e., maintain the trust assets as required by the statute and pay the undisputed debt or, failing that, turn over documents as hereinafter set forth); and (4) the public interest would be furthered by the granting of injunctive relief, as PACA states that its trust provisions were promulgated to benefit the public interest that suffers due to non-payment for produce.

---

[1] *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir.2010).

Accordingly, this 18 day of January, 2022, it is

**ORDERED,** that Plaintiffs' Motion for Preliminary Injunction is granted; and it is further

**ORDERED,** that Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Jefe Produce, its successors, subsidiaries or related companies until further order of this Court or until Defendants deliver to Plaintiffs' counsel the sum of $291,771.50 by bank check or wire transfer; and it is further

**ORDERED,** that within five business days of the date of this Order, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of Jefe Produce, its successors, subsidiaries and related companies: (1) most recent balance sheets and profit/loss statements; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last sixty days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants on behalf of credit/debit card processors and any other electronic funds transfers due Defendants; and (4) all financial records, such as income tax returns, bank account statements, checking account registers and cash receipt records, showing transfer of funds to or from Jefe Produce in the last six months; and it is further

**ORDERED,** that Defendants and/or any banking institutions used by Defendants shall, within two business days of service of this Order, deliver any and all PACA trust assets held on Defendants' behalf, up to $291,771.50, to counsel for Plaintiffs, McCarron & Diess, 576 Broadhollow Road, Suite 105 Melville, New York 11747, to be held by Plaintiffs' counsel

pending further order of the Court; and it is further

**ORDERED,** that any and all funds belonging to Jefe Produce, its successors, subsidiaries or related companies, in the possession of third parties, including all funds belonging to Jefe Produce, its successors, subsidiaries and related companies, on deposit at banking institutions up to $291,771.50, shall be immediately delivered to counsel for Plaintiffs, McCarron & Diess, 576 Broadhollow Road, Suite 105 Melville, New York 11747, to be held by Plaintiffs' counsel pending further order of the Court; and it is further

**ORDERED,** that the attorneys for Plaintiffs are hereby authorized and directed to collect all outstanding accounts receivable of Jefe Produce, its successors, subsidiaries and related companies, with any such sums collected to be held by Plaintiffs' counsel pending further order of the Court; and it is further

**ORDERED** that Defendants shall take such steps as are necessary to preserve all of Jefe Produce's books and records, whether electronic or otherwise, and are required to fully cooperate with Plaintiffs' attorneys' efforts to effect collection of the accounts receivable of Jefe Produce, its successors, subsidiaries and related companies by, among other things, providing Plaintiffs' attorneys with any and all documents and things, including but not limited to computers, software, usernames, passwords and documents, reasonably requested by Plaintiffs' counsel in connection with their collection efforts; and it is further

**ORDERED**, that delivery of a copy of this Order to Defendants via Federal Express, or other nationally recognized delivery service, shall be deemed to constitute notice of this Order upon Defendants, their agents, servants and employees pursuant to Fed. R. Civ. P. 65(d)(2).

**ISSUED:**

_____
Hon. John P. Cronan
New York, NY
January 18, 2022